## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Maria Elena Flores | Case No : | 11-44149 - C - 13C |
| | | Date : | 12/20/11 |
| | | Time : | 01:30 |

| | | |
|---|---|---|
| Matter : | [20] - Motion for Relief from Automatic Stay [MDE-1] Filed by Creditor The Bank of New York Mellon (Fee Paid $176) (abas) | UNOPPOSED |

Judge :               Ronald H. Sargis
Courtroom Deputy :    Janet Larson
Reporter :            Diamond Reporters
Department :          C

**APPEARANCES for :**
**Movant(s) :**
(by phone)   Creditor's Attorney - Raymond Lee
**Respondent(s) :**
             Debtor(s) Attorney - Maria Elena Flores
             Interested Party - Allen Terry

MOTION was :
Granted
See Findings of Fact and Conclusions of Law Below

The court will issue a minute order.

Local Rule 9014-1(f)(1) Motion - Opposition Filed.

Proper Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtors (pro se), Chapter 13 Trustee, and Office of the U.S. Trustee on November 18, 2011. By the courts calculation, 32 days notice was provided. 28 days notice is required.

The Motion for Relief from the Automatic Stay has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). Debtor filed opposition. If it appears at the hearing that disputed material factual issues remain to be resolved, a later evidentiary hearing will be set. Local Bankr. R. 9014-1(g).

The courts decision is to grant the Motion for Relief from the Automatic Stay.
The Bank of New York Mellon, formerly known as The Bank of New York, seeks relief from the automatic stay with respect to the real property commonly known as 3633 French Avenue, Sacramento, California. The moving party has provided the Declaration of Deborah M. Bass, attorney of record for the moving party in its state unlawful detainer action, to introduce evidence which establishes that the Debtor is no longer the owner of the property, movant having purchased the property at a prepetition Trustees Sale on June 1, 2011. Debtor is a tenant at sufferance, and movant commenced an unlawful detainer action in Sacramento County Superior Court and received a Writ of Execution on September 20, 2011. Movant has provided a copy of the recorded Trustees Deed Upon Sale to substantiate its claim of ownership and a copy of the Writ of Execution. (Exhs. A & D, Dkt. 24).

On December 2, 2011, the Chapter 13 Trustee filed a response. (Dkt. 30). Trustee alerts the court that Debtor is not current under the plan and has paid $0.00 into the plan to date. Trustee asks the court to consider these additional circumstances.

On December 14, 2011, the Debtor filed opposition. (Dkt. 37). Debtors opposition is based on the arguments that creditor lacks standing and the loan issued was fraudulent under state law. As stated in the

Bankruptcy Appellate Panel in Hamilton v. Hernandez, No. CC−04−1434−MaTK, 2005 Bankr. LEXIS 3427 (B.A.P. 9th Cir. Aug. 1, 2005), relief from stay proceedings are summary proceedings which address issues arising only under 11 U.S.C. Section 362(d). Hamilton, 2005 Bankr. LEXIS 3427 at *8−*9 (citing Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740 (9th Cir. 1985)). The court does not determine underlying issues of ownership, contractual rights of parties, or issue declaratory relief.

Here it is clear that the Debtors opposition can only be determined upon an adjudication of the underlying rights of the partieswhich must be done in state court or district court. The Movant has shown a colorable claim which it is seeking to assert upon termination of the stay. That is sufficient for the limited relief granted pursuant to a motion for relief from the stay.

Based upon the evidence submitted to the court, the court determines that there is no equity in the property for either the Debtors or the Estate, and the property is not necessary for any effective reorganization in this Chapter 13 case. 11 U.S.C. § 362(d)(2).

The court shall issue a minute order terminating and vacating the automatic stay to allow The Bank of New York Mellon, and its agents, representatives and successors, to exercise its rights to obtain possession and control of the real property commonly known as 3633 French Avenue, Sacramento, California.

No other or additional relief is granted by the court.